# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1768V
UNPUBLISHED

| | |
|---|---|
| SUZANNE BROGAN,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: December 17, 2024 |

*Robert J. Krakow*, Law Office of Robert J. Krakow, New York, NY, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION**[1]

On December 5, 2022, Suzanne Brogan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act"). Petitioner alleged that she developed polymyalgia rheumatica from an influenza vaccine she received on December 6, 2019. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### **Relevant Procedural History**

On the date the petition was filed, the PAR Initial Order issued requiring Petitioner to file medical records and other statutorily required supporting documentation. ECF No. 5. Petitioner filed medical records and other supporting documentation. ECF Nos. 6-13.

On May 5, 2023, Petitioner's counsel filed a status report advising that Suzanne Brogan had passed away. ECF No. 16. Counsel stated he was in process of obtaining the death certificate and investigating the circumstances of Ms. Brogan's death. The June 30, 2023 order required Petitioner's counsel file the death certificate and provide an update on the establishment of Petitioner's estate. ECF No. 18.

On August 29, 2023, Petitioner's counsel filed a motion for extension of time and attached Suzanne Brogan's death certificate. ECF No. 20. In the motion, counsel

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

requested additional time to determine whether the probate proceedings had been completed and who had been appointed as the administrator of Ms. Brogan's estate.

On January 29, 2024, Petitioner's counsel filed a status report stating that he had been communicating with Ms. Brogan's son and the attorney for Ms. Brogan's estate but had been unable to obtain probate documents that identified the administrator of the estate. Ms. Brogan's son and the attorney had both represented that the estate no longer wished to pursue the vaccine claim. Petitioner's counsel requested that the case be dismissed based on these representations.

On January 31, 2024, OSM staff attorney contacted Petitioner's counsel via informal communications, copying Respondent's counsel, and advised that the filing of probate documents and a notice of voluntary dismissal was necessary to have the case be dismissed. Due to the uncooperativeness of Ms. Brogan's son with formally closing this case, Petitioner's counsel responded that he would serve any order to show cause on the attorney for the estate.

On October 16, 2024, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 24. Petitioner's counsel was ordered to serve the order to show cause on the attorney for Ms. Brogan's estate.

On November 6, 2024, counsel filed evidence that the Order to Show Cause had been served on the attorney for Petitioner's estate by certified mail. ECF No. 25. In a status report submitted on December 16, 2024, counsel did not indicate that the attorney for Petitioner's estate had communicated with him since the Order to Show Cause was served on the attorney. ECF 26. No other filings have been submitted in the response to the Order to Show Cause.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

The attorney for Petitioner's estate was specifically advised in the October 16, 2024 Order to Show Cause that failure to follow orders issued in this matter (and failure

to communicate with his counsel which prevents compliance with those order) risked dismissal of the claim. As noted above, the attorney for Petitioner estate has not taken any action to continue pursuing this case. Because Petitioner's estate has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[2]**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[2] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."